## JOHNSON v. HILLS.

A writ directed to an indifferent person by name, without describing his place of abode, is good.

WRIT OF ERROR to reverse a judgment of the County Court in an action Johnson v. Hills, by writ directed in the words following, viz. Whereas no proper officer can be had to serve this writ, without great charge and inconvenience, this writ is directed to Roger Cogswell an indifferent person to serve and return.

Plea in abatement — That Roger Cogswell to whom this writ was directed was not described of any place, town, county, or state; whereas he was of Washington in the county of Litchfield. Demurrer.

Judgment — That the plea is sufficient.

Error assigned — That said plea was insufficient, and ought so to have been adjudged.

Judgment — Manifest error. The statute requires that the authority signing the writ shall insert the name of the indifferent person, and the reasons of the direction, without anything more; if this is too loose, the legislature will correct it.

## NEWHAL v. WADHAMS.

A witness's saying that he would swear anything, goes only to his credit.

ACTION for a fraud in the sale of a horse. Issue to the jury. The defendant offered to prove that one of the plaintiff's witnesses had declared that he would swear to anything, if he could get six shillings by it.

The evidence was admitted, as it went to lessen the weight of his testimony.